UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TAWON WRIGHT,

        Plaintiff,                               Case No. 2:07-cv-189

v.                                                 Honorable R. Allan Edgar

UNKNOWN KIVISTO, et al.,

        Defendants.
_____/

## OPINION AND ORDER APPROVING MAGISTRATE JUDGE'S

## REPORT AND RECOMMENDATION

The Court has reviewed the Report and Recommendation filed by the United States Magistrate Judge on November 13, 2007. The Report and Recommendation was duly served on the parties. The Court received objections from the Plaintiff. In accordance with 28 U.S.C. § 636(b)(1), the Court has performed *de novo* consideration of those portions of the Report and Recommendation to which objection has been made. The Court now finds the objections to be without merit.

In his objections, Plaintiff claims that the Magistrate Judge erred in recommending dismissal of his retaliation claim and reiterates the allegations set forth in his complaint. In his complaint, Plaintiff alleges that he arrived at OCF on November 21, 2006, on a "law library transfer." Plaintiff was issued a work detail for yard crew on December 12, 2006. On January 3, 2007, Plaintiff told Defendant Kivisto that he wanted to be removed from his job because his transfer had been for full time law library. Defendant Kivisto refused to remove Plaintiff from his job, so Plaintiff filed a grievance. On January 16, 2007, Defendant Kivisto told Plaintiff that he would be terminated from his job assignment with no negative work report, so that he could be on full time

law library. However, Plaintiff received work evaluation reports from Defendants Busch and Rosemurgy, giving him a 30 day warning for failure to work on December 15-17, 2006. The reports indicated that Plaintiff was terminated from his job on January 1, 2007, for excessive unexcused absences.

In the report and recommendation, the Magistrate Judge notes that the filing of grievances is protected conduct for purposes of a retaliation claim, but notes that the false work reports are not sufficiently adverse to deter a person of ordinary firmness from filing grievances as required by *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999) (en banc). As noted by the Magistrate Judge in the report and recommendation, Plaintiff's claims that he could be denied parole or a transfer on the basis of this work report are speculative. There is no indication that Plaintiff would either be paroled or transferred to another prison absent his termination from his job. In addition, Plaintiff has no right to either a transfer or parole. *Olim v. Wakinekona*, 461 U.S. 238 (1983); *Meachum v. Fano*, 427 U.S. 215 (1976); *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Finally, the court notes that Plaintiff did in fact wish to be terminated from his job and apparently refused to report for work despite being given a 30 day warning for failure to work on December 15-17, 2006. Therefore, the Court finds Plaintiff's objections to be without merit.

THEREFORE, IT IS ORDERED that the Report and Recommendation of the Magistrate Judge is approved and adopted as the opinion of the court and plaintiff's action will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c). This is a dismissal described by 28 U.S.C. § 1915(g).

IT IS FURTHER ORDERED that an appeal of this action would not be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should plaintiff appeal this decision, the Court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455 appellate filing fee in one lump sum. Accordingly, should plaintiff seek to appeal this matter to the Sixth Circuit, the appeal would be frivolous and not taken in good faith.


Dated:        5/28/08                              */s/ R. Allan Edgar*
                                                   R. ALLAN EDGAR
                                                   UNITED STATES DISTRICT JUDGE